UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNSTREAM CORPORATION, INC.,

    Plaintiff,

v.                                           Case No. 8:24-cv-2424-WFJ-AAS

STEFAN PETROV and
BOATING WORLD PRO SHOP, LLC,

    Defendants.
_____/

## ORDER

On October 31, 2025, Plaintiff Sunstream Corporation, Inc. (Sunstream) moved to compel the defendants Stefan Petrov and Boating World Pro Shop, LLC (collectively, the defendants) to respond to (1) Plaintiff's First Set of Interrogatories to Defendant Stefan Petrov; (2) Plaintiff's First Set of Requests for Production of Documents to Defendant Stefan Petrov; (3) Plaintiff's First Set of Interrogatories to Defendant Boating World Pro Shop, LLC; and (4) Plaintiff's First Set of Requests for Production of Documents to Defendant Boating World Pro Shop, LLC (collectively, the Discovery Requests). (Doc. 38-1). Sunstream requests the court compel the defendants to respond to the Discovery Requests without objection. (*Id.*). Sunstream also requested their reasonable attorney's fees and expenses in filing the motion to compel. (*Id.*).

The defendants did not respond to Sunstream's discovery requests or

Sunstream's attempts to communicate regarding the defendants' failure to respond. (Doc. 38-1, p. 5). The court directed the defendants to respond to Sunstream's motion to compel by November 25, 2025. (Doc. 42). The undersigned warned the defendants failure to respond would result in the court treating the outstanding discovery issues and Sunstream's request for fees as unopposed. *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). Given the defendants' failure to respond, Sunstream's Motion to Compel (Doc. 38) is **GRANTED** as to the outstanding discovery requests. (*See* Doc. 38). "All objections except privilege or legal protections, are waived." *Bell v. Mallin*, No. 8:17-CV-2001-T-27AAS, 2018 WL 3067845 at *2 (M.D. Fla. June 21, 2018); *Perry v. Mod. Hometech, Inc.*, No. 607CV-1755-ORL-19KRS, 2009 WL 1140121 at *1 (M.D. Fla. Apr. 28, 2009) (holding the defendants "waived all objections except for privilege or legal protections" because they "failed to respond timely to the discovery request"); *see Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008) ("[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived").

(1) By **December 16, 2025,** the defendants must respond to the Discovery Requests.

(2) Sunstream's reasonable attorney's fees and expenses incurred in

bringing the motion to compel are awarded against the defendants. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion. . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.") (emphasis added). The parties must confer and attempt to agree on the reasonable amount of attorney's fees and expenses Sunstream incurred in relation to this motion. If the parties cannot agree, Sunstream may file a motion with supporting documentation by **December 23, 2025,** and the defendants' response to the motion will be due by **January 6, 2026**.

**ORDERED** in Tampa, Florida on December 5, 2025.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge