UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNSTREAM CORPORATION, INC.,

    **Plaintiff,**

v.                                                  **Case No.: 8:24-cv-2424-WFJ-AAS**

STEFAN PETROV and
BOATING WORLD PRO SHOP, LLC,

    **Defendants.**
_____/

## ORDER

The plaintiff, Sunstream Corporation, Inc. (Sunstream), requests that the court award attorney's fees for $2,313.55 against the defendants, Stefan Petrov and Boating World Pro Shop, LLC. (Doc. 45). The defendants did not respond, and the time to do so has expired. The motion is treated as unopposed. *See* Local Rule 3.01(d), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

**I. BACKGROUND**

This motion for attorney's fees arises from an order compelling the defendants to respond to Sunstream's discovery requests. (Doc. 45). On October 31, 2025, Sunstream moved to compel the defendants to respond to Sunstream's discovery requests. (Doc. 38). On November 18, 2025, the court ordered the defendants to respond to Sunstream's motion to compel by

1

November 25, 2025, and warned failure to respond would result in the motion being treated as unopposed. (Doc. 42). The defendants did not respond, and the court granted Sunstream's motion to compel. (Doc. 43).

The order granting the motion to compel (Doc. 43) awarded Sunstream reasonable attorney's fees and expenses incurred in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The same order directed "[t]he parties must confer and attempt to agree on the reasonable amount of attorney's fees and expenses Sunstream incurred in relation to [the motion to compel]." (Doc. 43).

The defendants failed to respond to Sunstream's attempts to confer regarding the reasonable amount of attorney's fees and expenses owed to Sunstream. (Doc. 45). Sunstream now requests that the court award $2,313.55 in attorney's fees in connection with Sunstream's motion to compel. The motion is treated as unopposed because the defendants failed to respond. *See* Local Rule 3.01(d), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

## II.   ANALYSIS

Under Fed. R. Civ. P. 37(a)(5)(A), the court already has determined that an award of reasonable attorney's fees is appropriate. As to the amount, the Eleventh Circuit applies the lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The moving party bears the burden of establishing the reasonableness of its hourly rate and the number of hours expended. *Norman v. Hous. Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making fee determinations, the court can rely on its expertise regarding the prevailing hourly rates in the marketplace and the number of hours expended. *Id.*

The court has reviewed counsel's declarations and time records. (Doc. 45, pp. 8–10, 13–15). The requested hourly rates and number of hours performed are reasonable. (*See* Doc. 45, pp. 10, 15). Specifically, the reasonable attorney's fees incurred relating to Sunstream's motion to compel are for a total of $2,167.50, comprising a total of 6.8 hours of work.

Sunstream's lead counsel, Koley Jessen P.C., L.L.O., billed for 4.9 hours of work on the motion compel at the hourly rates of $560 for John Lingelbach and $320 for Emily Coffey (a total of $1,816.00 in attorney's fees). (Doc. 45, p.

3

10). Upon review of the billing records, both the hours expended and the hourly rates charged are reasonable.

In addition, Sunstream's lead counsel incurred $146.05 in "computerized legal research" expenses. Because the computerized research expenses are reasonable and were reasonably incurred, Sunstream is awarded $146.05 in computerized research expenses. *See In re Health Ins. Innovations Sec. Litig.*, No. 8:17-CV-2186-TPB-SPF, 2021 WL 1341881 at *13 (M.D. Fla. Mar. 23, 2021), report and recommendation adopted, No. 8:17-CV-2186-TPB-SPF, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021) (awarding computerized research expenses because "they were reasonably incurred and necessary to furthering the interests of the Class during the course of the litigation").

Sunstream's local counsel, Bleakley Bavol Denman & Grace, billed 1.9 hours at the hourly rates of $325 for Richard Ervin and $135 per hour for Margaret Getek (a total of $351.50 in attorney's fees). (Doc. 45, p. 15). Upon review of the billing records, both the hours expended and the hourly rates charged are reasonable.

### III.  CONCLUSION

Accordingly, Sunstream's motion for attorney's fees (Doc. 45) is **GRANTED**. The court orders fee shifting under Fed. R. Civ. P. 37(a)(5)(A), in

the amount of $2,313.55[1] against the defendants.

**ENTERED** in Tampa, Florida, on January 12, 2026.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The breakdown of the total expenses is $1,816.00 in attorney's fees and $146.05 in expenses billed by Sunstream's lead counsel, plus $351.50 billed by Sunstream's local counsel.