**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SUNSTREAM CORPORATION, INC.**,

Plaintiff,

v. Case No. 8:24-cv-2424-WFJ-AAS

**STEFAN PETROV**, and
**BOATING WORLD PRO SHOP, LLC**,

Defendants.
____________________________________/

# ORDER

Before the Court is Plaintiff Sunstream Corporation, Inc.'s ("Sunstream") Motion for Default Judgment against Defendants Stefan Petrov ("Petrov") and Boating World Pro Shop, LLC ("Boating World") pursuant to Fed. R. Civ. P. 55(b)(2). Dkt. 65. Counter-Defendant Sunstream also moves to Dismiss the Counterclaims against it pursuant to Fed. R. Civ. P. 41(b), (c). *Id.* United States Magistrate Judge Sansone issued a report recommending the motion be granted-in-part and denied-in-part. Dkt. 67. The report is deemed unopposed, as no objections have been filed to the report and the time for filing objections has passed. *See* Local Rules 3.01(d). Upon careful consideration, the Court agrees with Judge Sansone's

thorough and well-reasoned factual findings and legal conclusions and adopts the report and recommendation.

**BACKGROUND**

On October 18, 2024, Plaintiff Sunstream brought the following claims against Defendant: breach of contract – Asset Purchase Agreement against Petrov (Count I); fraudulent inducement against Petrov (Count II); breach of contract – Agreements against Petrov (Count III); tortious interference against Petrov (Count IV); tortious interference against Boating World (Count V); common law unfair competition against Petrov (Count VI); common law unfair competition against Boating World (Count VII); violation of the FDUTPA against Petrov (Count VIII); violation of the FDUTPA against Boating World (Count IX); Lanham Act false advertising against Petrov (Count X); Lanham Act false advertising against Boating World (Count XI); Lanham Act unfair competition against Petrov (Count XII); Lanham Act unfair competition against Boating World (Count XIII); specific performance / injunctive relief against Petrov (Count XIV); and injunctive relief against Boating World (Count XV). Dkt. 1. Counter-Claimant Petrov then brought the following Counterclaims against Counter-Defendant Sunstream: breach of contract for failure to assume and make payments on cutting table (Counterclaim I); breach of contract for failure to assume and make payments under lease agreement (Counterclaim II); conversion (Counterclaim III). Dkt. 22 at 12–16.

After repeatedly failing to comply with the Court's orders and other directives, Defendants were ordered to show cause in writing by February 27, 2026, as to why default should not be entered against them. Dkt. 51. They failed to file a timely response, and Clerk's defaults were entered against them. Dkts. 55, 59, 60. Defendant Petrov eventually filed a negligible response on April 2, 2026. Dkt. 64. On April 10, 2026, Plaintiff Sunstream filed the present Motion for Default Judgment and Dismissal of Counterclaims, Dkt. 65, to which Defendants failed to respond.

## LEGAL STANDARD

The Court reviews the legal conclusions of the magistrate judge *de novo* in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). After an independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006).

## DISCUSSION

The magistrate judge recommends that Plaintiff's present motion be granted-in-part and denied-in-part. Dkt. 67. The Court first considers the motion regarding Dismissal of the Counterclaims, then as to Default Judgment.

## I. Motion to Dismiss Counterclaims

Counter-Defendant Sunstream moves for dismissal of the Counterclaims because Counter-Claimant Petrov has "repeatedly failed to obey the Court's orders and has been nonresponsive through the duration of this case." Dkt. 65 at 19 (citing Dkt. 50 at 3). Rule 41(b), (c) permits a counter-defendant to move for dismissal of counterclaims for failure to prosecute or comply with a court order. S*ee Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338−39 (11th Cir. 2005) ("[A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." (citation modified)).

The magistrate judge identified a "clear pattern of delay," citing Defendants' repeated failures to respond to motions, comply with court orders, participate in mediation, and appear at a court-ordered hearing. *See* Dkt. 67 at 8–9 (citing Dkts. 42, 44, 46). Despite multiple opportunities to comply, it was found that Defendants continued to disregard the Court's directives. *See id.* The Court agrees with the magistrate judge's recommendation and finds that the Counterclaims are due to be dismissed with prejudice under Rule 41(b), (c) due to a "clear pattern of delay and contumacious conduct for which lesser sanctions would not suffice." *Id.* at 9–10.

## II. Motion for Default Judgment

The magistrate judge found that "[d]efault judgment is appropriate because, as explained, the defendants have demonstrated a willful disregard for this court's orders." Dkt. 67 at 10. Rule 16(f) provides that courts may impose formal sanctions "including those authorized by Rule 37(b)(2)(A)(ii)—(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Rule 37 sanctions incorporated into Rule 16 include "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(vi). "Rule 16(f) sanctions were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) (citation modified); *see Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("The district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." (citation omitted)). The Court agrees with the magistrate judge's finding that default judgment is appropriate under Rule 16, and thus analyzes liability and remedies as to the relevant claims.

### *a. Liability*

Plaintiff Sunstream specifically moves for Default Judgment on its claims for breach of the Asset Purchase Agreement (Count I) and the Restrictive Covenant Agreement and Employment Agreement (Count III), Dkt. 65 at 20–23, as well as

unfair competition (Counts VI and VII) and injunctive relief against both defendants (Counts XIV and XV). *Id.* at 23−25. Therefore, the Court reviews the magistrate judge's findings as to these claims.

Regarding Counts I and III, to state a claim for breach of contract, a plaintiff must allege (1) the existence of a valid contract; (2) a breach of such contract; and (3) damages resulting from breach. *Senter v. JP Morgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011) (citing *Knowles v. C.I.T. Corp.*, 346 So.2d 1042, 1043 (Fla. 1st DCA 1977)). As to Count I, the magistrate judge found that Plaintiff Sunstream alleges that "the Asset Purchase Agreement is a valid and enforceable contract between Mr. Petrov, Sarasota Boating World, and Sunstream[,]" and that "Mr. Petrov breached the Asset Purchase Agreement and Sunstream suffered at least $53,264.02 in damages from Mr. Petrov's breach." Dkt. 67 at 11 (citing Dkt. 1 ¶¶ 57–66; Dkt. 54 at 20–21). As to Count III, it was found that Plaintiff Sunstream established that both the Restrictive Covenant Agreement and the Employment Agreement are "valid and enforceable contracts between Mr. Petrov and Sunstream[,]" and that "Mr. Petrov violated Sections 2, 3, and 4 of the Restrictive Covenant Agreement and Sections 10 and 11 of the Employment Agreement . . . by forming (on or about March 12, 2024) Boating World Pro Shop, LLC and thereafter attempting to compete with Sunstream and to solicit Sunstream's

customers and employees during the Restrictive Period of both Agreements." *Id.* at 13, 14–15 (citing ¶¶ 45−51, 53, 54, 73−82).

Regarding Counts VI and VII, "[u]nfair competition under Florida common law requires 'deceptive or fraudulent conduct of a competitor and likelihood of consumer confusion.'" *Webster v. Dean Guitars*, 955 F.3d 1270, 1277 (11th Cir. 2020) (quoting *Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986)). Plaintiff Sunstream alleged that after it became the owner of Sarasota Boating World's trade name and intellectual property, Defendants distributed marketing materials falsely representing that Sarasota Boating World had rebranded as Boat World Pro Shop. Dkt. 67 at 15–16 (citing Dkt. 1 ¶ 47). Because Defendant Boating World is a "competitor of Sunstream because it is engaged in the same business of selling boating equipment throughout the State of Florida[,]" it was found that Defendants' "deceptive conduct is likely to cause confusion among customers[,]" *id.* (citing Dkt. 1 ¶¶ 47, 50), thus establishing unfair competition.

Regarding Counts XIV and XV, the magistrate judge found that injunctive relief "is a remedy, rather than a separate cause of action or proper claim for relief." *Id.* at 16 (citing *GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015)). Accordingly, the Court agrees with the magistrate judge's findings as to liability.

*b. Remedies*

Plaintiff Sunstream requests the following remedies: (1) damages in the amount of at least $53,264.02 against Defendant Petrov for his breaches of the Asset Purchase Agreement; (2) injunctive relief barring Defendant Petrov from violating the restrictive covenants of the Restrictive Covenant Agreement and the Employment Agreement; (3) injunctive relief regarding Defendants' representations, advertisements, or suggestions as to Boating World Pro Shop's affiliation or connection with Sarasota Boating World or Sunstream; and (4) entitlement to attorney's fees and costs. Dkt. 67 at 17 (citing Dkt. 65).

The magistrate judge found that Plaintiff Sunstream's requested damages of $53,264.02 against Defendant Petrov for his breaches of the Asset Purchase Agreement regarding Count I are "well-pleaded and for a sum certain." *Id.* at 18. It was also found that Plaintiff Sunstream "successfully alleged Mr. Petrov breached the restrictions in the Agreements and further alleges there is no adequate remedy at law" as to Count III, *id.* at 19 (citing Dkt. 1 ¶¶ 186, 191), and thus it is entitled to injunctive relief "barring Mr. Petrov from violating the restrictive covenants set forth in Sections 2, 3, and 4 of the Restrictive Covenant Agreement for a period of five years from entry of judgment and injunctive relief barring Mr. Petrov from violating the restrictive covenants set forth in Sections 10 and 11 of the Employment Agreement for a period of twenty four months from entry of judgment." *Id.* at 19–

20. Additionally, the magistrate judge determined that Plaintiff Sunstream's allegations "establish the necessary elements for a permanent injunction[,]" and thus demonstrate that "it is entitled to injunctive relief as to Counts VI and VII against the defendants." *Id.* at 20–21 (citing Dkt. 1 ¶¶ 185–88, 190–93). Specifically, it was "recommended Mr. Petrov and Boating World be permanently enjoined from representing, advertising, or suggesting that Boating World Pro Shop is in any way affiliated or connected with Sarasota Boating World or Sunstream." *Id.* at 21.

Plaintiff Sunstream lastly requests attorney's fees and costs, to which the magistrate judge found that Plaintiff Sunstream is entitled, *id.* at 21 (citing Dkt. 1 ¶¶ 33, 66, 65, 82), and recommended that it be permitted to "file a supplemental motion to determine to the reasonable amount of attorney's fees." *Id.* Plaintiff Sunstream further seeks a determination that Defendants "are jointly and severally liable for the $2,313.55 of attorney's fees previously awarded to Sunstream[,]" *id.* at 22 (citing Dkt. 65 at 26), however it was noted that "the defendants are already jointly and severally liable for the requested amount, which should be included in the judgment." *Id.* (citing Dkt. 47). Accordingly, the Court agrees with the magistrate judge's findings as to remedies.

**CONCLUSION**

For the reasons explained in the Report and Recommendation, and in conjunction with an independent examination of the file, the Court rules as follows:

1. The Report and Recommendation, Dkt. 67, is **ADOPTED**, **CONFIRMED**, and **APPROVED**.
2. Counter-Defendant Sunstream Corporation, Inc.'s Motion to Dismiss the Counterclaims, Dkt. 65, is **GRANTED**. Counter-Claimant Stefan Petrov's Counterclaims are **DISMISSED with prejudice**.
3. Plaintiff Sunstream Corporation, Inc.'s Motion for Default Judgment, Dkt. 65, is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth below.
    a. The Motion is **DENIED without prejudice** on the Counts that Plaintiff Sunstream did not address, specifically, Counts II, IV, V, VIII, IX, X, XI, XII, and XIII.
    b. The Motion is **DENIED** as to Counts XIV and XV because specific performance and injunctive relief are remedies, not causes of action themselves.
    c. The Motion is **GRANTED** as to Counts I, III, VI, and VII.
        i. As to Count I (Breach of the Asset Purchase Agreement), Defendant Stefan Petrov is liable in the amount of $53,264.02, plus prejudgment and post-judgment interest, as provided by law.
        ii. As to Count III (Breach of the Employment and Restrictive Covenant Agreements), Defendant Stefan Petrov is hereby

**ENJOINED** from violating the restrictive covenants set forth in Sections 2, 3, and 4 of the Restrictive Covenant Agreement for a period of five years from the date of entry of this Order, and from violating the restrictive covenants set forth in Sections 10 and 11 of the Employment Agreement for a period of twenty four months from the date of entry of this Order.

iii. As to Counts VI and VII (Unfair Competition), Defendants Stefan Petrov and Boating World Pro Shop, LLC are hereby **PERMANENTLY ENJOINED** from any future ongoing unfair competition, including representing, advertising, or suggesting that Boating World Pro Shop is in any way affiliated or connected with Sarasota Boating World, LLC or Sunstream Corporation, Inc.

4. Plaintiff Sunstream Corporation, Inc. is entitled to an award of reasonable attorney's fees and costs and may file a supplemental motion to determine the amount of its attorney's fees and costs in accordance with Local Rule 7.01(c). However, the Court **DENIES as moot** Plaintiff Sunstream's request that Defendants be held jointly and severally liable for the

$2,313.55 of attorney's fees previously awarded, as the Court has already determined entitlement to the same. *See* Dkt. 47.

5. The Clerk is **DIRECTED** to enter final default judgment in favor of Plaintiff Sunstream Corporation, Inc. and against Defendant Stefan Petrov as to Count I in the amount of $53,264.02, plus prejudgment and post-judgment interest, as provided by law. Additionally, the Clerk is **DIRECTED** to enter final default judgment in favor of Plaintiff Sunstream Corporation, Inc. and against Defendants Stefan Petrov and Boating World Pro Shop, LLC as to attorney's fees in the amount of $2,313.55, to which they are jointly as severally liable.

**DONE AND ORDERED** at Tampa, Florida, on August 24, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record